**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RAKENDRICK STANTON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-00437-DPJ-ASH**

**HINDS COUNTY, MISSISSIPPI,**
**SHERIFF TYREE JONES, in His Individual Capacity as**
**Sheriff of Hinds County, Mississippi,**
**and JOHN AND JANE DOES 1 - 100** **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW**, Defendants Hinds County, Mississippi and Sheriff Tyree Jones, in His Individual Capacity and as Sheriff of Hinds County, Mississippi, by and through the undersigned counsel, and respectfully file this their Answer and Affirmative Defenses to the Plaintiff's Complaint, to wit:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as to the answering Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendant herein. Therefore, the same should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Any state law claims against these individual Defendants are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*, including but not limited to *Miss. Code Ann*. §11-46-7.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant, and thus, his claims must be dismissed under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiff and/or other named Defendants was the proximate cause of the incidents forming the basis of this lawsuit and Plaintiff's alleged injuries and damages, if any. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

**FIFTH AFFIRMATIVE DEFENSE**

The individual Defendant Sheriff Jones is entitled to qualified immunity from Plaintiff's claims against them. These Defendant was a public official acting in the course of their duties during the incident forming the basis of this lawsuit. Sheriff Jones did not engage in any conduct which deprived the Plaintiff of any right, privilege, nor immunity protected by the Constitution or Laws of the United States. Additionally, the conduct of the sheriff was objectively reasonable in light of clearly established law at the time of their actions in this matter. Sheriff Jones' acts were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable official could have believed his actions lawful during the incidents forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, *Miss. Code Ann.* §11-46-11(2)(a)(ii) and (iii) requisite Notice of Claim was never submitted. Due to the failure of Plaintiff to strictly comply with those mandates, the state law claims should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

The named County officials were acting within the course and scope of their employment with Hinds County, were at all times acting objectively reasonable and consistent with clearly established law, and for that reason, Plaintiff's federal claims are barred and Plaintiff's state law claims are barred as to Defendants in their individual capacities.

**TENTH AFFIRMATIVE DEFENSE**

No action or omission by these Defendants was the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWELFTH AFFIRMATIVE DEFENSE**

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants specifically assert and invoke all defenses available to them as set forth in *Fed. R. Civ. P.* 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, *Heck v. Humphrey*, administrative collateral estoppel, judicial estoppel, assumption of risk, claim preclusion, comity, the *Younger* abstention doctrine, and the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries/damages were not foreseeable to these Defendants, and therefore, Plaintiff's claims should be dismissed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint describes acts of negligence which are not cognizable under 42 U.S.C. §1983.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against the County and the Defendants in their official capacities. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution, and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed its authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9 (1)(a) - (w) (Supp. 1997), *et seq*.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's claims, the named County officials were acting in accordance with their statutory duties and in addition to qualified immunity, may enjoy absolute and/or judicial immunity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any official capacity claims against the County official are duplicative of the *Monell* claims against Hinds County.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Claims of negligence on the part of government officials are not cognizable under 42 U.S.C. §1983.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state facts that support a claim against Hinds County and the official capacity Defendant inasmuch as Plaintiff cannot demonstrate that an official policy, practice, or custom was the moving force behind any constitutional deprivation as required by *Monell.*

## ANSWER[1]
## (Jury Trial Demanded)[2]

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, Defendants answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1. The allegations of paragraph 1 are admitted, namely that Plaintiff has brought suit against the County and Sheriff Jones in his individual and official capacities.

## JURISDICTION AND VENUE

2. The allegations of paragraph 2 are admitted inasmuch as Plaintiff raises a federal question in his Complaint.

3. The allegations of paragraph 3 are admitted.

## PARTIES

4. Answering Defendants admit that Plaintiff was incarcerated in Hinds County Detention Center (HCDC), but deny the remaining allegations of paragraph 4.

---

[1] Answering Defendants use the headings in the Complaint for the ease of the Court. To the extent that these headings contain any factual allegations, they are specifically denied.

[2] Plaintiff's state law claims for negligence (Count II) and gross negligence (Count III) must be tried by a judge of this Court "without a jury[.]" *Miss. Code Ann.* §11-46-13(1).

5. Answering Defendants admit that Hinds County is a political subdivision located in the Southern District of Mississippi for the United States District Court and that HCDC is managed and operated by the County by and through Sheriff Jones. The defendants deny the remaining allegations of paragraph 5.

6. Answering Defendants admit that Sheriff Jones was the duly elected sheriff of Hinds County at all times relevant to Plaintiff's claims. Answering Defendants deny the remaining allegations of paragraph 6.

7. Answering Defendants deny the allegations of paragraph 7.

**FACTS**

8. The allegations of paragraph 8 are admitted.

9. Answering Defendants admit that Plaintiff was a pre-trial detainee at HCDC and that he suffered an assault. The defendants lacks sufficient information to make a determination as to the remaining allegations of paragraph 9 concerning Plaintiff's medical care, and as such deny the same.

10. Answering Defendants admit that HCDC is made up of pods B and C and that A has been closed. The defendants are admit they are aware of the consent decree and the reports of the monitors. Those findings speak for themselves. Answering Defendants would affirmatively aver that the conditions at HCDC in 2015-2016 are entirely irrelevant to Plaintiff's claims which arose out of his 2024-25 incarceration.

11. Answering Defendants admit that Plaintiff suffered an assault and was transported for medical attention. Answering Defendants lack sufficient information as to the validity of the remaining allegations in order to formulate a response, and as such deny the same.

12. Answering Defendants deny the allegations of paragraph 12.

13. Answering Defendants lack sufficient information concerning Plaintiff's injuries and medical treatment to make a determination as to the truthfulness of the allegations of paragraph 13 and as such deny the same.

14. Answering Defendants lack sufficient information concerning Plaintiff's injuries and medical treatment to make a determination as to the truthfulness of the allegations of paragraph 14 and as such deny the same.

15. Answering Defendants admit that Plaintiff was treated at HCDC upon his return from his hospitalization. The remaining allegations of paragraph 15 are denied.

16. Answering Defendants lack sufficient information concerning Plaintiff's injuries and medical treatment while hospitalized to make a determination as to the truthfulness of the allegations of paragraph 13 and as such deny the same.

17. Answering Defendants admit that Judge Wooten released Plaintiff. The remaining allegations of paragraph 17 are denied.

18. Answering Defendants deny the allegations of paragraph 18.

19. Answering Defendants deny the allegations of paragraph 19 and would affirmatively aver that the reports of conditions in 2013 are entirely irrelevant to these proceedings.

20. Answering Defendants would stated that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

21. Answering Defendants would stated that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

22. Answering Defendants would stated that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

23. Answering Defendants deny the allegations of paragraph 23 as stated and would state that the consent decree proceedings speak for themselves.

24. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

25. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

26. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

27. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

28. Answering Defendants would state that the Show Cause Order referenced speaks for itself.

29. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

30. Answering Defendants would state that the consent decree proceedings speak for themselves but are entirely irrelevant to the conditions at HCDC in 2025.

31. Answering Defendants would state that the consent decree proceedings speak for themselves but are entirely irrelevant to the conditions at HCDC in 2025.

32. Answering Defendants would state that the contents of the exhibit speaks for itself, but is entirely irrelevant to what the conditions of HCDC were in 2025 when Plaintiff alleges his claims arose.

33. Answering Defendants would state that the contents of the exhibit speaks for itself. They deny the characterization of the conditions of confinement contained therein.

34. Answering Defendants deny the allegations of paragraph 34.

**1983 CAUSES OF ACTION:**
**EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS: PROTECTION FROM HARM AND DANGEROUS CONDITIONS OF CONFINEMENT**

35. Answering Defendants deny the allegations of paragraph 35.

36. Answering Defendants deny the allegations of paragraph 36.

37. Answering Defendants deny the allegations of paragraph 37 including but not limited subparagraphs a through p.

38. Answering Defendants deny the allegations of paragraph 38, including but not limited to subparagraphs a through d.

39. Answering Defendants deny the allegations of paragraph 39.

40. Answering Defendants deny the allegations of paragraph 40.

41. Answering Defendants deny the allegations of paragraph 41.

42. Answering Defendants deny the allegations of paragraph 42 and would affirmatively aver that Plaintiff is not entitled to any recovery whatsoever.

**EPISODIC ACTS OR OMISSIONS**

43. Answering Defendants incorporate the admissions and denials herein above.

44. Answering Defendants deny the allegations of paragraph 44.

45. Answering Defendants deny the allegations of paragraph 45.

46. Answering Defendants deny the allegations of paragraph 46.

47. Answering Defendants deny the allegations of paragraph 47.

48. Answering Defendants deny the allegations of paragraph 48.

49. Answering Defendants deny the allegations of paragraph 49.

49.[3] Answering Defendants deny the allegations of the second paragraph 49.

**RATIFICATION**

50. Answering Defendants deny the allegations of paragraph 50.

51. Answering Defendants deny the allegations of paragraph 51.

**PUNITIVE DAMAGES**

52. Answering Defendants deny the allegations of paragraph 52.

53. Answering Defendants deny the allegations of paragraph 53.

---

[3] There are two (2) paragraphs number 49 in the Complaint. Answering Defendants use the duplicate paragraph 49 numbering from the Complaint for the ease of the Court.

**PRAYER FOR RELIEF**

As to the unnumbered paragraph beginning with, "Plaintiff requests..." Defendants deny the allegations contained therein, including but not limited to, those contained in subparagraphs A through F.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for and that Plaintiff be denied any relief whatsoever; and

(C) That this Court award these Defendants their attorney fees, costs, and expenses associated with the defense of the instant civil action.

**RESPECTFULLY SUBMITTED,** this the 16th day of July, 2026.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Jessica S. Malone*
Jessica S. Malone, MS Bar No. 102826
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendants Hinds County, Mississippi and Sheriff Tyree Jones

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: jmalone@jlpalaw.com
dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Jessica S. Malone, attorney of record for Defendants Hinds County, Mississippi and Sheriff Tyree Jones, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by ECF Filing System which gave notice to the following counsel of record who have entered an appearance herein:

Aafram Y. Sellers, Esq.
Sellers & Associates, PLLC
395 Edgewood Terrace Drive
Jackson, MS 39206
Telephone: 601-352-0102
Fax: 601-956-6719
Email: aafram@sellerslawfirm.net
**Attorney for Plaintiff**

Vicki L. Gilliam, Esq.
The Gilliam Firm, PLC
368 Highland Colony Parkway
Ridgeland, MS 39157
Telephone: 601-488-4044
Email: gilliam@gilliamfirm.com
**Attorney for Plaintiff**

William G. Shields, Esq.
Mack Reeves, Esq.
Shields Reeves, PLLC
P.O. Box 1648
Ridgeland, MS 39158-1648
Telephone: 601-427-9196
Email: garrig@shieldsreeves.com
mack@shieldsreeves.com
**Attorneys for Plaintiff**

**DATED** this the 16th day of July, 2026.

/s/ *Jessica S. Malone*
Jessica S. Malone